## IN THE COURT OF APPEALS OF IOWA

No. 17-0872
Filed August 16, 2017

**IN THE INTEREST OF X.L. and X.H.,**
**Minor Children,**

**S.L., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge.

        A mother appeals from the juvenile court's order terminating her parental rights.  **AFFIRMED.**

        Michael J. Moeller of Sorensen & Moeller Law Office, Clear Lake, for appellant mother.

        Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

        Crystal L. Ely of North Iowa Youth Law Center, Mason City, attorney and guardian ad litem for minor children.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals from the juvenile court's order terminating her parental rights to her two children: X.H., born in May 2004, and X.L., born in December 2014.[1] She argues the State failed to prove the statutory grounds for termination by clear and convincing evidence, termination is not in the children's best interests, the juvenile court should have given her additional time to work toward reunification with her children, and an exception to termination exists because the mother shares a close bond with her children. The mother also claims the juvenile court should have granted her motion to dismiss the termination proceedings due to procedural deficiencies in the underlying child-in-need-of-assistance (CINA) cases. Upon our de novo review, we affirm.

### I. Background Facts and Proceedings

This family came to the attention of the Iowa Department of Human Services (DHS) in December 2014 after X.L. tested positive for marijuana at birth. The children were removed from the mother's custody in January 2015 due to the mother's involvement in an altercation with X.L.'s father. In February, the mother stipulated to the adjudication of X.L. and X.H. as CINA, and the children were returned to the mother's custody subject to DHS supervision. In August 2015, the children were again removed from the mother's custody and placed in family foster care, due to the mother physically abusing X.H. The children were then returned to their mother's care again in May 2016; but in October, DHS requested removal of the children due to the fact the children's

---

[1] The juvenile court also terminated the parental rights of the children's biological fathers; they do not appeal.

whereabouts were unknown, DHS did not know where the family was staying, X.H. had not been in school, and the mother was not responding to any attempts to contact her. The children were eventually located and removed from the mother's custody for a third time in November 2016. After the children were removed this final time, X.H. reported the mother's boyfriend had sexually abused her on several occasions. X.H. also reported she had told her mother about the abuse multiple times, but the mother continued her relationship with the man despite X.H.'s complaints and continued to allow him to be around the children alone.

In February 2017, the State filed a petition for termination of parental rights. The court held a hearing on the petition in April 2017. Following the hearing, the juvenile court terminated the mother's parental rights pursuant Iowa Code section 232.116(1)(e) and (h) (2017).[2]

## II.    Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile

---

[2] The State alleged termination of the mother's parental rights under Iowa Code section 232.116(1)(a), (e), and (f) with regard to X.H. Yet, in its order, the court terminated the mother's rights with regard to X.H. pursuant to paragraphs (e) and (h), not paragraph (f) as the State alleged. Nevertheless, the mother acknowledges "it is clear in the ruling for X.H. that there is a scrivener[']s error and the grounds for termination should be Iowa Code [section] 232.116(1)(f)." She also acknowledges the court relied on the language of paragraph (f) in its ruling, rather than the language of paragraph (h).
    Paragraphs (f) and (h) are substantially similar, differing only in the applicable age of the child and the amount of time the child has been removed from the parents' physical custody. *Compare* Iowa Code § 232.116(1)(f) ("The child is four years of age or older" and "has been removed . . . for at least twelve of the last eighteen months"), *with id.* § 232.116(1)(h) ("The child is three years of age or younger" and "has been removed . . . for at least six months of the last twelve months"). We examine the mother's statutory arguments under paragraph (f) with respect to X.H. and under paragraph (h) with respect to X.L.

court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). Our primary consideration is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

### III.    Analysis

"Our review of termination of parental rights under Iowa Code chapter 232 is a three-step analysis." *In re M.W.*, 876 N.W.2d at 219. First, we must determine whether the State established the statutory grounds for termination by clear and convincing evidence. *See* Iowa Code § 232.116(1); *In re M.W.*, 876 N.W.2d at 219. Second, if the State established statutory grounds for termination, we consider whether termination is in the children's best interests under section 232.116(2). *See In re M.W.*, 876 N.W.2d at 219–20. Finally, we consider whether any exceptions under section 232.116(3) weigh against termination. *See id.* at 220.

### A.    Statutory Grounds

The mother argues the State failed to prove the statutory grounds for termination. When a court terminates parental rights on more than one ground, we may affirm the order on any of the statutory grounds supported by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). "Evidence is considered clear and convincing 'when there are no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."'" *In re M.W.*, 876 N.W.2d at 219 (alteration in original) (citation omitted).

Iowa Code section 232.116(1)(f) provides the court may terminate parental rights if the court finds the State has proved by clear and convincing evidence all of the following:

>(1) The child is four years of age or older.
>(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
>(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Under section 232.116(1)(h), the court may terminate parental rights if the court finds the State has proved the following by clear and convincing evidence:

>(1) The child is three years of age or younger.
>(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>(3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother claims the State failed to meet its burden regarding the requisite statutory timeframes of paragraph (f) with respect to X.H. because she had trial periods at home with X.H. in the eighteen months leading up to the termination hearing that were longer than thirty days. "Given the presence of a comma in the statute before the word 'or,' we think it is reasonable to conclude that the subsequent language 'and any trial period at home has been less than thirty days' applies to and qualifies only the language after the comma." *In re D.M.J.*, 780 N.W.2d 243, 246 (Iowa Ct. App. 2010). Thus, the State needed to

prove one of two things: either (1) X.H. had been removed from the mother's physical custody for at least twelve of the last eighteen months leading up to the termination hearing in April 2017, or (2) X.H. had been removed from the mother's physical custody for the last twelve months leading up to the termination hearing and any trial period at home was less than thirty days.

The eighteen-month statutory time clock started ticking in October 2015, when the children had been out of the mother's custody already for almost two months. The children were returned to the mother's custody over seven months later in May 2016. The court entered a removal order for the children a third time in October 2016. The children remained out of the mother's custody for another six months, until the time of the termination hearing. Therefore, we find the State proved by clear and convincing evidence X.H. had been removed from mother's physical custody for at least twelve of the last eighteen months leading up to the termination hearing.

The mother also argues the State failed to prove the children could not have been returned to her custody at the time of the termination hearing. Unfortunately, the mother has experienced much trauma in her own life. As a result, she struggles with mental-health and substance-abuse issues. She has also struggled with maintaining healthy relationships and has repeatedly been involved in domestic violence—both as a victim and as a perpetrator. The mother has had four founded child abuse assessments since this case began—including admitting to smoking marijuana while pregnant with X.L., engaging in domestic violence in front of her children, physically abusing X.H., and failing to protect X.H. from sexual abuse perpetrated by the mother's boyfriend despite

X.H.'s multiple complaints to her mother. At the time of the termination hearing, she was unemployed and did not have stable housing. Based upon our de novo review of the record, we find the State proved by clear and convincing evidence the mother's children could not have been returned to her custody at the time of the termination hearing.

Additionally, the mother indirectly challenges the grounds for termination, contending DHS failed to file a case permanency plan until one month before the scheduled termination hearing and did not include the parents' input. The State responds that the mother failed to preserve error on this issue. *See In re L.M.W.*, 518 N.W.2d 804, 807 (Iowa Ct. App. 1994) (finding that when a parent fails to raise an issue at the appropriate time, he or she waives the right to raise the issue at a later point).

The appropriate time for the mother to raise this issue was after the dispositional order was entered. *See* Iowa Code § 232.102. The mother did not raise any concerns regarding the lack of a case permanency plan until one week prior to the termination hearing and after the permanency plan had already been filed—over two years after the dispositional order was filed. Further, she has not shown she was prejudiced by its late filing. Therefore, we affirm the juvenile court's denial of the mother's motion to dismiss the termination proceedings based on procedural deficiencies.

Upon our de novo review, we conclude the requirements of Iowa Code section 232.116(1)(f) have been met as to X.H. and the requirements of section 232.116(1)(h) have been met as to X.L.

### B. Best Interests

The mother next contends termination of her parental rights was not in the children's best interests under Iowa Code section 232.116(2). Even if a statutory ground for termination is met under section 232.116(1), a decision to terminate must still be in the best interests of the children under section 232.116(2). *In re M.W.*, 876 N.W.2d at 224.

In determining whether termination of a parent's parental rights is in the children's best interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). "Insight for the determination of [the children's] long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing." *In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (quoting *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000)).

The children have been removed from the mother's custody three times since this case began in January 2015. There have been trial periods at home but each has failed and resulted in the removal of the children. The mother has failed to keep her children safe, has repeatedly put her own needs above those of her children, and has refused to take responsibility for the difficulties her children have experienced. We cannot ask these children to continuously wait for their mother to become a stable parent. *See In re D.W.*, 791 N.W.2d at 707; *see also In re A.B.,* 815 N.W.2d at 778 ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural

parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))). The children are doing well with their foster family and enjoy living with them. The foster family is meeting their needs and is willing to adopt them. Termination of the mother's parental rights is in the children's best interests.

### C.    Exceptions to Termination

"Once we have established that the termination of parental rights is in the [child's] best interests, the last step of our analysis is to determine whether any exceptions in section 232.116(3) apply to preclude the termination." *In re M.W.*, 876 N.W.2d at 225. The mother asserts the juvenile court should not have terminated her parental rights because she shares a bond with her children that weighs against termination.

Iowa Code section 232.116(3)(c) provides a court may decide not to terminate a parent's parental rights if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The application of section 232.116(3) is permissive, not mandatory. *In re A.M.*, 843 N.W.2d at 113. "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *In re D.S.*, 806 N.W.2d at 475.

The record shows the mother loves her children and shares a bond with them. However, nothing in the record indicates termination would be detrimental to the children based on the bonds they share with their mother. X.H. certainly loves her mother and wishes to continue a relationship with her but is ready to become a permanent member of her foster family where she is able to simply be

a child without adult responsibilities. X.L. is very young and has been in and out of foster care since shortly after his birth. We conclude no permissive factors under section 232.116(3) apply to preclude termination in this case.

### D.    Additional Time

The mother also claims the juvenile court should have granted her an additional six months to work toward reunification. Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."

We must now view this case with a sense of urgency. *See In re C.B.*, 611 N.W.2d at 495; *see also In re A.B.*, 815 N.W.2d at 777 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010))). These children have been in and out of their mother's custody for over two years. The mother continues to struggle with many of the issues present when the case began. "[A]t some point, the rights and needs of the children rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). These children need and deserve permanency and stability. *See In re D.W.*, 791 N.W.2d at 707. We are not persuaded the need for removal would no longer exist at the end of six months. *See* Iowa Code § 232.104(2)(b).

**IV.    Conclusion**

We have carefully reviewed the record, the briefs of the parties, and the juvenile court's ruling.  Upon our de novo review, we conclude the State proved the statutory grounds for termination of the mother's parental rights and termination is in the children's best interests.  We further find no permissive factors weighing against termination exist so as to preclude termination and the juvenile court correctly denied any request for additional time to work toward reunification.  Finally, we conclude the juvenile court correctly denied the mother's motion to dismiss the termination proceedings based on procedural deficiencies.  Accordingly, we affirm.

**AFFIRMED.**